IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 12-00358-KD-N |
| RICHMOND TRIPP JOHNSON, III, and FORREST A. BUTTS, | ) ) ) ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This declaratory judgment action is before the Court on defendants' respective motions to dismiss (docs. 5 and 6). Defendant Richmond Tripp Johnson, III, also seeks attorney's fees pursuant to the equitable remedy recognized by this Court in Northern Assurance Co. of America v. Bayside Marine Construction, Inc., 2009 WL 151023 (S.D. Ala. January 21, 2009). The matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the motions, plaintiff's response in opposition thereto (doc. 8), and all other pertinent portions of the record, it is the recommendation of the undersigned that defendants' motions be **DENIED**.

I.  Background and Procedural History.

On December 8, 2010, Forrest A. Butts ("Butts"), defendant herein, filed suit against Richmond Tripp Johnson, III ("Johnson"), co-defendant herein, seeking damages for injuries received from a physical altercation between these defendants that occurred

on June 13, 2010. (Doc. 5 at 1). The Complaint was filed in the Circuit Court of Dallas County, Alabama, and alleges that Johnson caused damages to Butts as a result of assault and battery, negligence and wantonness. (*Id*.)

On January 5, 2011, Johnson, through counsel, filed an Answer in the underlying state court action. (*Id*. at 1-2). According to Johnson, State Farm Fire and Casualty Company ("State Farm"), plaintiff herein, "has defended [him] in that lawsuit under a reservation of rights since its filing." (Doc. 6 at 2).

On March 28, 2011, State Farm filed a motion to intervene in the underlying state court action. Johnson sets forth the essence of State Farm's motion to intervene as follows:

> COMES NOW, State Farm Fire and Casualty Company, Inc. ("State Farm") and moves to intervene pursuant to Ala. R. Civ. P. 24(b), and the procedure established in Universal Underwriters v. Central Alabama Ford-Mercury, Inc., 574 So.2d 716 (Ala. 1990), for the purpose of submitting special verdict forms and interrogatories to the jury and for participating in discovery, if necessary, in order to clarify coverage issues related to a policy of liability insurance issued by State Farm, and the allegations in the Complaint against Richmond Tripp Johnson, III ("Johnson").
> ...
> 8.   There are issues of insurance coverage including, but not limited to: the extent to which any of the claimed damages constitute an "occurrence" or "property damage" or "bodily injury" as defined in the policy; the extent to which the Plaintiff's claim of bodily injury was either expected or intended by the insured; the extent to which the Plaintiffs claim of bodily injury or property damage was the result of "willful and malicious" acts of the insured; and the applicability of certain policy exclusions to Plaintiffs claims by an unreasonable delay in giving written notice to State Farm of the occurrence made the basis of the complaint.
> ...
> 12.   ...State Farm seeks special intervention in order to participate in discovery and submit special interrogatories and/or special verdict forms to


Case 1:12-cv-00358-KD-N   Document 9   Filed 11/09/12   Page 3 of 13

> the jury in order to distinguish covered damages and claims from non-covered damages and claims, and the applicability of any exclusions or conditions of the policy.
>
> 13. The alternative to intervention would be to file a separate declaratory judgment action which will cause all parties in the present case to defend a separate action concerning the same facts, circumstances and issues that are being addressed in this case. Such an action would duplicate efforts of the parties and would cause unnecessary additional legal costs and time that would be obviated if intervention is permitted.
>
> 14. ...Further, intervention would promote judicial economy and justice by providing an official venue resolving the factually based coverage questions, and minimizing the possibility of actions, duplication of effort, expense, and inconsistent verdicts.

(Doc. 6 at 3-4). Johnson also relies upon the following excerpt from State Farm's Complaint in Intervention likewise stated:

> 15. This Complaint seeks to intervene in order to separate any general verdict into covered and non-covered damages. Specifically, if a damages verdict is awarded, State Farm seeks to determine: to what extent, if any, the damages verdict consists of non-covered damages resulting from expected or intended injury; to what extent, if any, the damages awarded were the result of wanton conduct of Johnson; and to determine any other applicable coverage issues, including applicable exclusions to coverage.
>
> 16. The alternative to intervention, would be to file a separate declaratory judgment action which will cause all parties in the present case to defend a separate action concerning the same facts, circumstances and issues that are being addressed in this case. Such an action would duplicate efforts of the parties and would cause unnecessary additional legal costs and time that would be obviated if intervention is permitted.

(*Id.*) On March 28, 2011, the same day the motion to intervene was filed, the Circuit Court of Dallas County entered the following Order:

> MOTION TO INTERVENE filed by STATE FARM FIRE AND CASUALTY COMPANY is hereby GRANTED IN PART. State Farm will be permitted to participate in discovery. The Court reserves ruling on allowing State Farm to participate in the trial. The Court has had prior


>   cases involving this situation and it creates an unwieldy and cumbersome process which is generally unworkable.

(Doc. 8-1 at 11).

On May 30, 2012, according to the docket sheet, State Farm filed the Complaint for Declaratory Relief (doc. 1), seeking a declaration that: 1) State Farm has no obligation to provide to Johnson a defense with regard to the underlying state court action brought by Butts; and 2) State Farm has no duty to indemnify Johnson for the damages sought in the underlying state court action.  State Farm maintains that jurisdiction is proper under the Federal Declaratory Judgment Act and diversity of citizenship.

On July 2, 2012, Defendant Forrest A. Butts filed a motion to dismiss (doc. 5) on the grounds that the "Complaint for Declaratory Relief in the instant case violates judicial economy, and causes the possibility of multiple actions, duplication of effort, expense, and inconsistent rulings." (Doc. 5 at ¶ 14).  Butts further argues that "State Farm's claims can be satisfactorily adjudicated in the state court proceeding as they have been allowed to intervene in the same." (*Id*. at ¶ 18).  Butts also contends that this action is due to be dismissed in accordance with the guidelines set forth in Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1332 (11th Cir. 2005).  (*Id.* at ¶ 22).

A motion to dismiss and for attorney's fees was also filed on July 2, 2012, by Defendant Richard Tripp Johnson, III (doc. 6).  Johnson similarly argues that State Farm has already intervened and participated in discovery in the state court action and "this Court should, under the precedent of *Ameritas Variable Life Ins. Co. v. Roach*, exercise its *Wilton/Brillhart* discretion and dismiss the instant action due to the existence of a prior

pending state court action covering the same subject matter." (Doc. 6 at 5). These motions have been fully briefed and are now ripe for the Court's consideration.

  II.  Wilton/Brillhart Abstention.

District courts have "substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." Great Lakes Reinsurance (UK) PLC v. TLU Ltd., 298 Fed.Appx. 813, 814 (11th Cir. Oct. 10, 2008), *quoting* Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). Accordingly, a district court's stay or dismissal of a declaratory judgment action is reviewed for abuse of discretion. *Id*. Under this standard, a district court's ruling is not reversed unless it has "made a clear error of judgment, or has applied the wrong legal standard." *Id*., *citing* Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1332 (11th Cir. 2005). The Eleventh Circuit has also declared that "the reviewing court, 'must be mindful that the district courts are closer to the facts and the parties, and that not everything that is important about a lawsuit comes through on the printed page'." Great Lakes, 298 Fed.Appx. at 814, *citing* Ameritas, 411 F.3d at 1332.

In Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494-95 (1942), the Supreme Court made it clear that "[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, 28 U.S.C.A. § 400, it [i]s under no compulsion to exercise that jurisdiction . . . [because] [o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.." In Wilton, 515 U.S. at 279, the

Supreme Court resolved a conflict among the Circuits and held that the Brillhart discretionary standard governs a district court's decision to stay a declaratory judgment action during the pendency of parallel state court proceedings.

In Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005), the Eleventh Circuit provided the following factors for consideration by district courts when balancing state and federal interests in concurrent litigations:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

411 F.3d at 1331.  See also Great Lakes, 298 Fed.Appx. at 815 (same).

With this legal framework in mind, the court now turns to the specific grounds advanced in defendants' respective motions to dismiss.

III.    Analysis.

The defendants argue that each of the Ameritas factors support dismissal of this action.  Their argument is predicated, in large part, on the contention that the issues have all been joined by State Farm's intervention in the underlying state court action.  The defendants ignore, however, the Dallas County Circuit Court's specific limitations placed on the intervention by State Farm.  State Farm is only being permitted to "participate in discovery."  (Docs. 6-2 and 8-1 at 11).  Although the state court trial judge has merely reserved his ruling as to State Farm's participation otherwise and has not actually denied such participation, he expressly stated that, based on his prior personal experience, he believes such participation "is generally unworkable."  (*Id.*).

Thus, the threshold inquiry is whether Ameritas even applies to this case.  Brillhart involved another suit "pending in a ***state court*** presenting the ***same issues,*** not governed by federal law, between the ***same parties***."  316 U.S. at 495 (emphasis added).  Similarly, Ameritas involved the application of the guidepost analysis where there is "***parallel*** litigation in the ***state courts***."  411 F.3d at 1331 (emphasis added).  *See also*, Essex Ins. Co. v. Foley, 2011 WL 290423 (S.D. Ala. Jan. 27, 2011, *citing* Wachovia Bank Nat'l Ass'n v. EnCap Golf Holdings, LLC, 690 F.Supp.2d 311, 328 n. 2 (S.D. N.Y. 2010) ("When a federal declaratory judgment action is pending at the same time as parallel state court action, abstention under Brillhart and Wilton may be called for."); Smithers Const., Inc. v. Bituminous Cas. Corp., 563 F.Supp.2d 1345, 1348 (S.D.Fla.2008) (determining that

"abstention or remand is not warranted because there is no parallel litigation in state court addressing the same issues between same parties that would resolve the insurance coverage dispute at issue in this action"); Peak N.D., LLC v. Wilkinson, 2010 WL 2163503, *6 (D. N.D. May 25, 2010) ( Wilton/Brillhart abstention "is generally inapplicable in the absence of ongoing parallel state proceedings").

    In this action, there is no certainty that the underlying action will in any manner address the coverage issues which are due to be addressed in this declaratory judgment action.  In Essex Ins. Co. v. Foley,[1] a case with issues markedly similar to those presently before the court, the court concluded that there was no parallel state court action and no identity of the issues or parties.  The court opined, in part:

> In this action, there is neither identity of parties and issues, nor parallel state litigation. Essex Insurance Company, the plaintiff in this action, is not a party to the Underlying Action. No coverage issues have been joined in the Underlying Action. The fact finder in the Underlying Action will make no conclusive determinations about the completeness or veracity of Water's Edge's insurance application, or about whether Foley's claims against Water's Edge lie within the scope of the Policy, as modified by the Classification Limitation Endorsement. Certainly, the Underlying Action will say nothing about whether Essex has a duty to defend Water's Edge in that case, which issue Essex has squarely presented in this lawsuit. In short, what we have here are not parallel state court proceedings, but merely related state court proceedings. [Footnote omitted].  "In such circumstances, courts have shown marked reluctance to exercise their discretion to stay or dismiss the declaratory judgment action."

Essex, 2011 WL 290423 at *2, *quoting* State Farm Fire and Cas. Co. v. Knight, 2010 WL 551262, *3 (S.D. Ala. Feb. 11, 2010).

---

[1] Essex was before the Court on a motion to stay.

In the present case, State Farm has been granted only limited intervention - - to participate in discovery. Moreover, the issue of coverage has not been joined in the state court proceeding. Thus, it appears that while the proceedings are related, they are not parallel.

Even if the Ameritus analysis were fully applicable, it cannot be said that this federal declaratory action would serve no useful purpose in clarifying the legal relations at issue or that, under these circumstances, State Farm is guilty of using this federal action for the purpose of "procedural fencing" as defendants contend. The defendants have failed to demonstrate, in light of the Dallas County Circuit Court's limitation on State Farm's participation, how the coverage issues that are the subject of this declaratory judgment action could be resolved in the underlying action. The defendants do not dispute that this declaratory judgment action involves issues as to whether or not there has been an "occurrence" as defined by the State Farm policy and, if so, whether the insured gave proper notice to State Farm of the occurrence giving rise to the underlying suit and whether or not the actions of the insured are excluded from coverage because they were either expected or intended and/or willful and malicious. The issues raised by Butts against Johnson in the underlying state court personal injury suit involve assault and battery; negligence; and wanton conduct. The issues in this declaratory proceeding will turn on the question whether the injuries alleged to have been inflicted by Johnson upon Butts were "expected or intended" and/or "willful and malicious" as those terms are used in the contract of insurance between State Farm and the insured. There are also issues whether there has been an "occurrence" and whether there was late reporting.

9

These are not the issues in the underlying personal injury suit, and will not be resolved in that litigation.

In this action, State Farm seeks a determination of its duty not only to defend but to indemnify Johnson in light of the circumstances of the alleged attack upon Butts and the language of the State Farm policy. These issues are distinct from the issues presented in the personal injury action brought by Butts against Johnson in the Dallas County Circuit Court.

Assuming *arguendo* that the underlying state court offers another adequate remedy for State Farm, a questionable supposition, it does not preclude this Court from resolving the issues before it.   In Thomas v. Vaughn, 915 F.Supp. 1177 (M.D. Ala. 1995), the Court recognized that the mere existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.  915 F.Supp. at 1180, *citing* 28 U.S.C. § 2201.  If State Farm awaits the trial judge's determination in the underlying action whether he will allow State Farm to do anything other than to participate in discovery, State Farm could very well find itself obligated to pay a $100,000 judgment[2] on a jury verdict against Johnson for his assault of Butts and then be without an adequate means to immediately and promptly resolve the coverage issues. The defendants have not proposed a method by which State Farm could conditionally appeal while attempting to determine declaratory issues involving coverage after a verdict. This declaratory proceeding provides an expedient means of declaring the rights and

---

[2] The policy at issue in this litigation has "limits of liability coverage of $100,000."  *See* Doc. 8 at ¶ 6, *citing* Doc. 1-1 at 5.

obligations of the parties to the insurance contract issued by State Farm as well as those who seek to lien the policy or collect a judgment from the proceeds of the policy.

In Lexington Ins. Co. v. Rolison, 434 F.Supp.2d 1228 (S.D. Ala. 2006), this Court recognized that it has discretion to decline to entertain a declaratory action on the merits "when a pending proceeding in another court will fully resolve the controversy between the parties." 434 F.Supp.2d at 1233, *quoting* Ven-Fuel, Inc. v. Dept. of the Treasury, 673 F.2d 1194 (11th Cir. 1982). However, as previously noted herein, there is no indication that the coverage issues will be fully resolved in the underlying Dallas County Circuit Court personal injury suit. In addition, the defendants do not dispute State Farm's contention that "the permissive intervention allowed by Rule 24(b) is inherently within the discretion of the Trial Court [and,] [t]hus, the Trial Court in Dallas County can ultimately deny State Farm's request for limited interrogatories, special verdict forms, etc., leaving State Farm with no means to resolve the coverage issues after a verdict." Doc. 8 at ¶ 13, *citing* Employer's Mut. Ins. Co. v. Hollman Bldg. Co., .L.L.C., No. 1100106 (Ala. Oct. 28, 2011). Consequently, there exists no alternative proceeding within which State Farm can resolve the coverage issues raised in this declaratory judgment action.

## CONCLUSION

For the reasons stated above, it is recommended that the defendants' respective motions to dismiss this declaratory judgment action (docs. 5 and 6) be **DENIED**. It is further recommended that the motion for attorney's fees filed by Defendant Richmond Tripp Johnson, III, be **DENIED**.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this  8th  day of November, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, ***within fourteen days*** of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" ***within [fourteen] days*** [3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added).  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this   8th   day of November, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition [.]" Fed. R. Civ. P. 72(b)(2).